**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana Okabayashi, | No. CV-15-01129-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Travelers Home and Marine Insurance Company, | |
| Defendant. | |

Before the Court is Defendant Travelers Home and Marine Insurance Company's Motion to Dismiss or, in the Alternative, to Stay All Proceedings and Compel Arbitration. (Doc. 8.) Having considered the motion, Plaintiff Diana Okabayshi's response, (Doc. 11), and Defendant's reply, (Doc. 13), the Court grants Defendant's motion.[1]

## BACKGROUND

In April 2012, Plaintiff was involved in a motor vehicle collision with non-party Brandy Jean Holbrook. (Doc. 1-1, ¶ 6.)[2] Holbrook's insurance provided bodily injury

---

[1] Defendant's request for oral argument is denied because the issues are fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] Citations to pages in the Court's docket are to the page numbers stamped at the top of the page by the Court's CM/ECF system, not the page numbers at the bottom of each page.

coverage of $25,000 per person, which it tendered to Plaintiff to resolve the bodily injury claims against Holbrook. (*Id.*, ¶¶ 7–8.) Plaintiff alleges that this amount is inadequate to fully compensate her for physical, emotional, and economic injuries resulting from the collision. (*Id.*, ¶ 10.)

At the time of the collision, Plaintiff was insured by Defendant. (*Id.*, ¶ 11.) The policy provided underinsured motorist coverage with a $100,000 per person limit, subject to a $300,000 aggregate limit per occurrence. (*Id.*) The policy also contains an arbitration clause governing coverage disputes, which states:

> If we and an "insured" do not agree:
>
> 1. Whether that person is legally entitled to recover damages under this endorsement; or
>
> 2. As to the amount of damages;
>
> either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:
>
> 1. Pay the expenses it incurs; and
>
> 2. Bear the expenses of the third arbitrator equally.
>
> Unless both parties agree otherwise, arbitration will take place in the county in which an "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
>
> 1. Whether the "insured" is legally entitled to recover damages; and
>
> 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of Arizona. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

(*Id.*, ¶¶ 18–19; Doc. 8-1.)

Following the collision, Plaintiff made a claim under her policy for underinsured motorist coverage. (*Id.*, ¶ 13.) To this date, Defendant has not paid benefits under the policy. (*See id.*, ¶ 17.) In April 2015, Plaintiff sued Defendant in Maricopa County Superior Court, alleging claims for breach of contract and bad faith. (Doc. 1-1, ¶¶ 14–

17.)  Defendant removed the matter to this Court, made a written demand for arbitration, and now moves to dismiss or stay this matter and compel arbitration.  (Doc. 1; Doc. 8-2.)

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . .  shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  Likewise, A.R.S. § 12-1501 states:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Arizona law mirrors the FAA and is interpreted similarly. *See Stevens/Leinweber/Sullens, Inc. v. Holm Dev. & Mgmt., Inc.*, 795 P.2d 1308, 1311 n.3 (Ariz. Ct. App. 1990).

"In enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).  The FAA's mandate "'leaves no place for the exercise of discretion by a district court, but instead mandates that the district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).  The Court's role is limited to determining whether (1) an enforceable arbitration agreement exists and (2) the agreement encompasses the dispute at issue.  *Id.*; *Stevens/Leinweber/Sullens*, 795 P.2d at 1311 n.3.  If both conditions are met, the Court must enforce the arbitration agreement according to its terms.  *Chiron*, 206 F.3d at 1130.  Although state law governs the enforceability and validity of an arbitration clause, federal law governs its scope.  *Tracer Research Corp., v. Nat'l Envtl.*

*Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994). The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).

## DISCUSSION

### I. Existence of an Enforceable Agreement to Arbitrate

Plaintiff argues that "the arbitration provision is illusory, completely one-sided and solely benefits Defendant." (Doc. 1-1 at 5, ¶ 21; *see also* Doc. 11 at 3.) An illusory promise is "in effect no promise at all" and "lacks mutuality of obligation . . . which is merely another way of stating that the particular promise is void because of lack of consideration." *Allen D. Shadron, Inc. v. Cole*, 416 P.2d 555, 556 (Ariz. 1966). Mutuality of obligation is lacking unless both contracting parties are bound to perform. *Keck v. Brookfield*, 409 P.2d 583, 586 (Ariz. Ct. App. 1965).

Here, the agreement is not illusory—it demands the same performance from both parties. Both parties have the right to demand arbitration. (Doc. 1-1, ¶ 18.) Decisions about entitlement and damages are binding on both parties. (*Id.*, ¶ 19.) A decision is not binding only if the arbitrator's decision exceeds Arizona's minimum limit for bodily injury liability. (*Id.*) If the decision exceeds Arizona's minimum limit, both parties have the right to demand a trial. (*Id.*) At each step in the process, both parties have the same rights and obligations. Accordingly, a valid and enforceable agreement to arbitrate exists.

### II. Scope

The Court must next determine whether this dispute is within the scope of the parties' agreement to arbitrate. *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477 (9th Cir. 1991). The provision mandates arbitration only if a party makes a written demand for arbitration as to the issues of entitlement and damages. (Doc. 1-1 at 23.) Plaintiff does not dispute that her claims are of the type covered by the arbitration provision.[3] Rather, she argues that the arbitration agreement does not apply in this

---

[3] Plaintiff's bad faith and breach of contract claims are encompassed in entitlement

- 4 -

circumstance because it is voluntary and temporally restricted.  (Doc. 11 at 2–5.)

Plaintiff asserts the arbitration provision is voluntary because it states either party "may" make a written demand for arbitration.  (Doc. 11 at 4.)  Plaintiff's argument ignores the language that follows.  Read in its entirety, the provision requires the parties to submit to arbitration once either party makes a proper demand.  (*Id.*)

Plaintiff also argues that a demand has to be made before the other party chooses to litigate.  She contends that the arbitration provision is not implicated because Defendant made its demand after Plaintiff filed her complaint.  Plaintiff essentially argues that Defendant waived its right to arbitrate by failing to make a pre-litigation demand.  Waiver, however, requires conduct inconsistent with the arbitration remedy. *EFC Dev. Corp. v. F. F. Baugh Plumbing & Heating, Inc.*, 540 P.2d 185, 188 (Ariz. Ct. App. 1975).  Here, Defendant's request for arbitration is consistent with the arbitration remedy.

Moreover, the Court reads and applies a contract as written; it does not revise or modify an agreement. *Goodman v. Newzona Inv. Co.*, 421 P.2d 318, 320 (Ariz. 1966). The plain language of the arbitration provision does not include a temporal restriction on demanding arbitration.  Even assuming that the provision is ambiguous as to when a demand must be made, the Court must construe ambiguities in favor of arbitration. *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 938 (9th Cir. 2013); *The O.N. Equity Sales Co. v. Thiers*, 590 F. Supp. 2d 1208, 1212 (D. Ariz. 2008) ("An order to arbitrate…should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible [to] an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.") (internal citations omitted).  Further, Plaintiff's interpretation of the arbitration provision is antithetical to the stated policy goals of the FAA and its Arizona counterpart.  Under Plaintiff's interpretation, rather

---

and damages arbitration agreements.  (Doc. 1-1); *see Moore v. Farm Bureau Prop. & Cas. Ins. Co.*, 993 F. Supp. 2d 1039, 1042 (D. Ariz. 2014) (granting a motion to compel arbitration and stay litigation of bad faith and breach of contract claim because the arbitration provision covered entitlement and damages disputes).

than encouraging resolution of disputes through arbitration, parties would be incentivized to pursue litigation as a first resort. Aggrieved parties could avoid arbitration by rushing to the courthouse as soon as practicable before the opposing party has the opportunity to evaluate the dispute and make a written demand for arbitration. Such a result undermines the purpose of arbitration provisions and the federal and state policies supporting their liberal enforcement.

Accordingly, this dispute falls within the scope of the parties' mutual agreement to arbitrate.

## **CONCLUSION**

For the foregoing reasons, a valid and enforceable agreement to arbitrate exists and this dispute falls within its scope. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss and Compel Arbitration, (Doc. 8), is **GRANTED**.

Dated this 26th day of October, 2015.

Douglas L. Rayes
United States District Judge